UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOFOMO SP. Z O. O., | Docket No. 1: 24-cv-01725 |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| A-LIST SERVICES LLC, | |
| Defendant. | |

Plaintiff Sofomo Sp. z o. o. ("Sofomo"), by and through undersigned counsel, states as follows for its Complaint against A-List Services LLC ("A-List"):

**INTRODUCTION**

1.    This action arises out of Defendant A-List's breach of a written Master Services Team Extension Consulting Agreement (the "Agreement") between Sofomo and A-List for the provision of software development services by Sofomo to A-List.

2.    Pursuant to the Agreement, and among other things, A-List was required to make payments to Sofomo at the end of each month for services provided to A-List during the relevant preceding month.

3.    A-List breached the Agreement, however, by failing to make payments to Sofomo for services performed from July 2023 through January 2024.

4.    As a result of A-List's breach, Sofomo is due and owed approximately $149,529.00, consisting of $122,060.00 in overdue payments for services rendered to A-List between July 2023 and January 2024 and $27,469.00 in accrued interest as permitted by the Agreement.

1

**PARTIES**

5.      Sofomo is a development company that provides dedicated development teams to its clients to assist them in building their products and growing their operations. Sofomo is a limited liability company organized under the laws of Poland and maintains its principal place of business in Wroclaw, Poland.

6.      A-List Services LLC is New York limited liability corporation with its principal place of business in New York, NY. A-List is a test preparation, tutoring, and college advising company.

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists because Sofomo is a citizen of Poland and A-List is a citizen of New York.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because A-List is a resident of the State of New York and maintains its principal place of business in New York, NY.

**FACTUAL BACKGROUND**

**The Agreement and Sofomo's Performance Thereunder**

9.      On January 20, 2021, the Agreement was executed by and between Sofomo and A-List.

10.      Pursuant to the Agreement, A-List engaged Sofomo as a software development vendor whereby Sofomo would provide A-List with developers who would provide services to A-List to develop and implement A-List software applications.

2

11.    Pursuant to the Agreement, Sofomo agreed to provide these services to A-List in exchange for a fee to be paid by A-List to Sofomo on a monthly basis.

12.    Sofomo began providing services to A-List pursuant to the Agreement in January 2021.

13.    From October 2022 to March 2023, A-List paused Sofomo's services, and subsequently directed that Sofomo resume its services in April 2023 pursuant to the Agreement and related Sofomo Developer Contractor Agreement # 3.

14.    Pursuant to the Agreement, Sofomo built a new and improved version of A-List's Testive web application, which allows students to uniquely take SAT practice tests and allows tutors to teach their assigned students. Further, Sofomo designed and built the AWS infrastructure that hosts Testive.

15.    Sofomo fully performed all of its obligations pursuant to the Agreement.

16.    At no point did A-List dispute the quality of Sofomo's services provided to A-List or contend that Sofomo failed to satisfy its obligations as set forth in the Agreement.

**A-List's Breach of the Agreement**

17.    Under the terms of the Agreement, Sofomo issued invoices to A-List on the first day of each month for services rendered for the previous month, with payment due within fifteen (15) days from the date each invoice was issued.

18.    Following the resumption of Sofomo's services to A-List in April 2023, A-List timely made payments to Sofomo for services rendered in April 2023, May 2023, and June 2023.

19.    However, A-List failed to submit payment in full to Sofomo for each of the invoices issued in July 2023 through January 2024, for Sofomo's services rendered during that time period.

97421\320419534.v1

20.    On October 31, 2023, as detailed further below, A-List made a partial payment of $10,000.00.

21.    In the second week of January 2024, as detailed further below, A-List made a partial payment of $2,000.

22.    After applying these partial payments, as a result of A-List's failure to remit payment in full, approximately $122,060.00 remains unpaid by A-List.

23.    As detailed below, Sofomo has made numerous demands on A-List for full payment of the July 2023 through January 2024 invoices.

24.    A-List acknowledged that payment was due and made commitments to Sofomo to satisfy the outstanding amounts, however, A-List has failed to pay the balance owed to Sofomo.

25.    On August 22, 25, and September 5, 2023, Sofomo corresponded with Samuel Slater, A-List's Chief Executive Officer, demanding payment of the July 2023 invoice, which was due on August 1, 2023.

26.    On September 12, 2023, Mr. Slater e-mailed Robert Hogeboom, Sofomo's Managing Director, acknowledging the delay in payment of the July 2023 invoice and informing him that A-List was securing "additional financing" to "get you caught up" and that the financing "should be in place" by the end of that week.

27.    On September 15, 2023, Sofomo requested confirmation from A-List that payment was initiated for the July 2023 invoice. A-List failed to respond or issue payment.

28.    On September 21, 2023, Sofomo again requested an update on the status of payment of the overdue invoices for July and August 2023.

4

29.     Mr. Slater responded to this correspondence the same day advising that A-List's board was "working on financing" and that he expected to have financing in order in a few days' time, with expected payment to be made to Sofomo by early the following week.

30.     On September 25, 2023, A-List advised Sofomo that A-List's board was finalizing financing and that payment was expected soon.

31.     On September 26, 2023, A-List advised Sofomo that A-List was "in the process of signing contracts" to receive additional funds, and that A-List anticipated being able to make payments on the outstanding invoices by the end of the week or early the following week.

32.     Having still received no payments of the outstanding July and August 2023 invoices, Sofomo contacted A-List on October 4, 2023 requesting the status of payment for these invoices.

33.     The same day, A-List informed Sofomo that A-List expected the financing funds to be disbursed to A-List that week and that A-List was "super close to being able to be caught up" on Sofomo's invoices.

34.     On October 12, 2023, Sofomo contacted A-List to inquire as to the status of payment.

35.     The same day, A-List informed Sofomo that the funding was deposited into A-List's account that day and that A-List would process a wire payment for Sofomo's outstanding invoices the next morning.

36.     On October 19, 2023, as well as three subsequent occasions, Sofomo contacted A-List regarding the status of payment that still had not been received and A-List failed to respond.

37.     On October 30, 2023, A-List contacted Sofomo and proposed an immediate payment of $10,000.00 followed by a weekly payment of $5,000.00 until the debt was paid.

97421\320419534.v1

38.    After making the initial $10,000.00 payment, A-List failed to make any of the proposed ongoing $5,000.00 payments to Sofomo.

39.    On November 28, 2023, A-List informed Sofomo that A-List would make a $20,000.00 payment to Sofomo on November 30, 2023.

40.    A-List did not make the proposed $20,000.00 payment on November 30, 2023 or at any time thereafter.

41.    On January 2, 2024, Sofomo, once again, contacted A-List regarding the outstanding invoices and payment owed.

42.    On January 3, 2024, A-List advised Sofomo of the anticipated acquisition of Testive by a third party, a group of investors led by Neil Khaund (hereinafter the "Acquiring Investors"), and noted that it would prioritize "getting a good faith payment" to Sofomo as soon as possible.

43.    On the second week of January 2024, A-List made a partial "good faith payment" of $2,000.00.

44.    A-List did not make any further payments to Sofomo in breach of the Agreement.

45.    As a result of A-List's breach, $149,529.00, consisting of $122,060.00 for services rendered together with $27,469.00 in interest is due and owing to Sofomo.

**Acquisition of Testive, A-List's Software Built by Sofomo Pursuant to the Agreement**

46.    Upon receiving news from A-List of the anticipated acquisition of Testive, which includes the software application Sofomo built for A-List pursuant to the Agreement, Sofomo communicated with A-List about A-List's and the Acquiring Investor's intention that part of the acquisition funds would be applied to Sofomo's past due invoices. In fact, A-List advised Sofomo that payment of its debt to Sofomo was "central" to moving forward with the acquisition.

6

97421\320419534.v1

47.     In sum and substance, on or about January 26, 2024, A-List proposed, following receipt of the acquisition funds, that A-List would make an initial payment of $30,000.00 to Sofomo with subsequent payments to be made over a period of six (6) months.

48.     Sofomo rejected this proposal and, on January 29, 2024, proposed an alternate payment schedule that required a $50,000.00 payment and payments of $21,000.00 each month thereafter, ending in August 2024.

49.     A-List failed to respond to Sofomo's proposed payment plan.

50.     Upon information and belief, the acquisition of Testive was completed on January 31, 2024 (hereinafter referred to as the "Acquisition").

51.     Upon information and belief, an Asset Purchase Agreement governed the Acquisition between A-List and the Acquiring Investors.

52.     Upon information and belief, pursuant to the Asset Purchase Agreement, the Acquiring Investors would acquire Testive in exchange for, among other things, requiring that $120,000.00 of the acquisition payment to A-List be paid to Sofomo to satisfy A-List's outstanding debt owed to Sofomo.

53.     On February 3, 2024, Sofomo contacted A-List requesting confirmation that the $120,000.00 specifically designated in the Asset Purchase Agreement for payment to Sofomo would be paid so that A-List's debt to Sofomo could be satisfied.

54.     A-List did not respond to this correspondence.

55.     To date, Sofomo has not received payment from A-List pursuant to the Asset Purchase Agreement.

97421\320419534.v1

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
### Breach of the Agreement between Sofomo and A-List

56. Sofomo incorporates by reference and thereby re-alleges the preceding paragraphs as if fully set forth herein.

57. The Master Services Team Extension Consulting Agreement between Sofomo and A-List is a valid and enforceable contract.

58. Sofomo has performed all of its obligations under the Agreement by, among other things, building a test preparation platform for A-List that provides a web-based testing platform for students to take practice exams online.

59. A-List has materially breached the Agreement by failing to make full and timely payments of the July 2023 through January 2024 invoices for services rendered by Sofomo to A-List during that time period.

60. As a result of A-List's breach of the Agreement, there is a balance owed to Sofomo of approximately $149,529.00, consisting of $122,060.00 in overdue payments for services rendered to A-List between July 2023 and January 2024 and $27,469.00 in accrued interest as permitted by the Agreement.

61. As a result of A-List's breach, Sofomo has been damaged and is therefore entitled to recover the minimum amount of $149,529.00 from A-List.

### SECOND CAUSE OF ACTION
### BREACH OF THIRD-PARTY BENEFICIARY CONTRACT

62. Sofomo incorporates by reference and thereby re-alleges the preceding paragraphs as if fully set forth herein.

63. A-List and the Acquiring Investors entered into a valid and enforceable contract for the acquisition of A-List's software prepared by Sofomo pursuant to the Agreement.

8

64. Upon information and belief, the Asset Purchase Agreement governing the Acquisition specifically designated that $120,000.00 of the acquisition payment to A-List was to be paid to Sofomo to satisfy the outstanding debt owed thereto.

65. Sofomo was aware of the Asset Purchase Agreement and expected payment in the sum of $120,000.00 pursuant thereto to satisfy A-List's debt to Sofomo.

66. A-List failed to make a payment to Sofomo of the acquisition funds designated to Sofomo in the Asset Purchase Agreement, and therefore breached the Asset Purchase Agreement.

67. Sofomo is an intended third-party beneficiary of the Asset Purchase Agreement governing the Acquisition as payment of A-List's debt to Sofomo was a "central" part to the Acquisition.

68. The designation of funds to Sofomo as set forth in the Asset Purchase Agreement governing the Acquisition was intended to directly and immediately benefit Sofomo.

69. As a direct and proximate result of A-List's breach of the Asset Purchase Agreement, Sofomo lost the intended benefit from the Asset Purchase Agreement of $120,000.00.

## THIRD CAUSE OF ACTION
## UNJUST ENRICHMENT AS TO ASSET PURCHASE AGREEMENT

70. Sofomo incorporates by reference and thereby re-alleges the preceding paragraphs as if fully set forth herein.

71. As set forth above, upon information and belief, the Asset Purchase Agreement governing the Acquisition specifically designated that $120,000.00 of the acquisition payment to A-List was to be paid to Sofomo to satisfy the outstanding debt owed thereto.

72. A-List, as a party to the Asset Purchase Agreement, was aware of the obligation to pay $120,000.00 of the acquisition funds to Sofomo.

97421\320419534.v1

73. A-List failed to make payment to Sofomo of the $120,000.00 from the acquisition funds designated to Sofomo in the Asset Purchase Agreement.

74. A-List was therefore enriched in the amount of $120,000.00 at Sofomo's expense.

75. A-List's retention of the $120,000.00 specifically designated in the Asset Purchase Agreement for payment to Sofomo is inequitable.

76. As a result of A-List's unjust enrichment, it is liable to Sofomo for damages, including disgorgement of the improperly retained funds.

**FOURTH CAUSE OF ACTION**
**UNJUST ENRICHMENT AS TO SERVICES RENDERED**

77. Sofomo incorporates by reference and thereby re-alleges the preceding paragraphs as if fully set forth herein.

78. From July 2023 to January 2024, Sofomo provided services to A-List, namely building a test preparation platform that provides a web-based testing platform for students to take practice exams online.

79. In creating this software, Sofomo conferred a benefit on A-List.

80. A-List knew that the creation of this software was a benefit.

81. As a result of receiving the benefit of the software that Sofomo created, A-List was able to market and sell this software to the Acquiring Investors at a profit, without paying Sofomo for the services it provided.

82. A-List therefore retained the benefit of Sofomo's services such that it would be fundamentally unfair for A-List not to compensate Sofomo for services rendered in the minimum amount of $149,529.00.

83. As a result of A-List's unjust enrichment, Sofomo has been damaged.

97421\320419534.v1

**WHEREFORE**, Plaintiff Sofomo Sp. z o. o. prays for judgment against Defendant A-List Services LLC as follows:

1.      An award of damages in an amount to be determined at trial, but believed to be no less than $149,529.00, representing the total outstanding amount owed to Sofomo by A-List;

2.      An award of damages in restitution in an amount to be determined at trial, but believed to be no less than $149,529.00;

3.      An award of pre-judgment and post-judgment interest to the fullest extent permitted by law; and

4.      All such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Sofomo Sp. z o. o. hereby demands a trial by jury for all claims to the extent authorized by law.

Dated: New York, NY
         March 6, 2024

**HINSHAW & CULBERTSON LLP**

*/s/ Ashley R. Newman*
Ashley R. Newman, Esq.
Samantha R. Millar, Esq.
800 Third Avenue, 13th Floor
New York, New York 10022
Telephone:  (212) 471-6200
Facsimile:  (212) 935-1166
anewman@hinshawlaw.com
smillar@hinshawlaw.com

*Attorneys for Plaintiff*
*Sofomo Sp. z o. o.*

11